IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charlotte M. Hobbs, | ) | |
| Plaintiff, | ) ) | No. CV-06-1031-PHX-PGR |
| vs. | ) ) | <u>ORDER and OPINION</u> |
| Wal-Mart Store Inc., et al., | ) ) | |
| Defendants. | ) ) | |

The defendants removed this action on April 10, 2006 solely on the basis of diversity of citizenship jurisdiction. Having reviewed Defendants' Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that the Notice of Removal is facially deficient because it fails to properly allege the existence of diversity of citizenship jurisdiction.[1]

As the Supreme Court has long since, and repeatedly, made clear,

> [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

<u>Smith v. McCullough</u>, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); <u>accord</u>, <u>Rilling v. Burlington Northern Railroad Co.</u>, 909 F.2d 399, 400 (9th Cir. 1990). The defendants have not met their jurisdictional pleading burden because the Notice

---

[1] The defendants are advised that the capitalization of the parties' names in the captions of the Notice of Removal and their Answer to Complaint violates LRCiv 7.1(a)(3).

of Removal fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of any party.

The Notice of Removal inexplicably contains no allegation at all concerning the plaintiff's citizenship, and the plaintiff's citizenship cannot be determined from the allegations of her complaint inasmuch as it merely that she is "a resident of Yuma County, Arizona[,]" and allegations of residency do not suffice for purposes of 28 U.S.C. § 1332.   As the Supreme Court has also repeatedly made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction.

Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905); cf., Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

With regard to the named corporate defendants, the Notice of Removal merely alleges that Wal-Mart Stores Inc. is "a Delaware Corporation" and that Tricam Industries Inc. is "a Minnesota Corporation", and that both are "foreign corporations"; the plaintiff's complaint contains no allegations regarding the citizenship of these defendants.  Since a corporate party is a citizen of the state in which it is incorporated and of the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), "an allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law" that is inadequate to establish diversity jurisdiction.  Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970).

In order to cure these pleading deficiencies, the Court will require the

1  defendants to file an amended notice of removal that affirmatively states the
2  citizenship of each party.  The defendants are advised that their failure to timely
3  comply with this order shall result in the remand of this action without further
4  notice for lack of subject matter jurisdiction.   Therefore,
5       IT IS ORDERED that the defendants shall file an amended notice of
6  removal properly stating a jurisdictional basis for this action no later than **May 1,**
7  **2006.**
8       DATED this 17th day of April, 2006.

```
Paul G. Rosenblatt
United States District Judge
```