**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlotte M. Hobbs,<br><br>        Plaintiff,<br>    vs.<br><br>Wal-Mart Stores, Inc., et al.,<br><br>        Defendants. | No. CV-06-1031-PHX-PGR<br><br>ORDER |

In light of the record of this action and the comments of counsel at the Order to Show Cause hearing held on December 17, 2007, the Court finds that the plaintiff's counsel, Alan Bowman of Bowman & Smith, P.C., and the defendants' counsel, Stephen Hoffman of Lewis, Brisbois, Bisgaard & Smith, LLP, should be personally sanctioned pursuant to Fed.R.Civ.P. 16(f) and LRCiv 83.1(f) for their failure to obey the Court's Amended Scheduling Order (doc. #42), entered on June 29, 2007.

This products liability/personal injury action was removed from the Yuma County Superior Court on April 10, 2006 on the basis of diversity; it was originally filed on December 5, 2005. The named defendants are Wal-Mart Stores, Inc. and Tri-Cam Industries, Inc. The complaint alleges that plaintiff Charlotte Hobbs was seriously injured on December 23, 2003 when a three-step ladder she was

standing on suddenly collapsed.  She alleges that the ladder, which was manufactured by Tri-Cam and purchased from Wal-Mart, was defectively designed and was unreasonably dangerous.

Procedural History

The following procedural history of this action is relevant to the Court's decision to sanction counsel.  Under the original Scheduling Order (doc. #11), entered on June 27, 2006, the parties were to complete all fact and expert discovery by April 6, 2007 and to file their Joint Pretrial Statement (JPS) by May 14, 2007.   When no JPS was filed, the Court entered its first show cause order (OSC) (doc. #34) on May 30, 2007.  The Court required the parties in that Order to show cause why an appropriate sanction should not be imposed on them and/or their counsel pursuant to Fed.R.Civ.P. 16(f) and 37(b)(2).  The gist of both counsels' responses to the OSC was that their failure to file the JPS was the result of  inadvertence caused by office miscalendaring problems.

As a result of the May 30th Order, the parties immediately drafted a JPS and filed it on June 1, 2007 (doc. #36).  It is clear from the plaintiff's OSC response that there was no discussion between counsel in the drafting of the JPS.  The witnesses and exhibits sections of the JPS did not fully conform to the Court's requirements.

Due to the plaintiff's comments in her OSC response and in the JPS that additional medical discovery was needed because the plaintiff's  injuries had not yet been fully diagnosed or treated, the Court, rather than then sanctioning counsel for their failure to comply with the Scheduling Order, entered an order on June 4, 2007 (doc. #39) that vacated the Pretrial Conference (PTC) set for June 11, 2007 and ordered the parties to file a formal motion to continue discovery.

The parties, through the plaintiff's counsel, filed a Joint Motion to Continue (doc. #40) on June 14, 2007 that stated that the need for the continuance related to the plaintiff's medical problems given that her orthopedic surgeon, who she saw on June 4, 2007 for shoulder problems, referred her to a spinal doctor because she had a large mass near the spine in her neck and the diagnosis and treatment of that mass was then unknown.  The motion requested a 120 day continuance so that this medical problem could be evaluated and treated.

The Motion to Continue further stated that the experts for both parties had examined the ladder and were prepared to have their depositions taken, with the deposition of the plaintiff's expert being set for July 17, 2007 - all of which was stated without any acknowledgment of the fact that the deadline for completing expert discovery had in fact expired on April 6, 2007.

The Court entered an Amended Scheduling Order (doc. #42) on June 29, 2007 that granted the Motion to Continue.  The Court stated in part in that Order that "[w]hile the Court will grant the requested continuance due to the plaintiff's unstable medical condition, the Court notes that the parties have given no reason at all why the depositions of their ladder experts were not completed by the Scheduling Order deadline of April 6, 2007."  The Amended Scheduling Order required the parties in relevant part to (1) complete all discovery by October 15, 2007, (2) file an Amended JPS and all motions in limine by November 12, 2007, and (3) attend the PTC on December 10, 2007.  The Amended Scheduling Order required the parties to review specific portions of the original Scheduling Order, including paragraph 7 of that Order requiring that the PTC be attended by each party or a representative with binding settlement authority.

The plaintiff, without filing any motion for an extension of the amended

discovery deadline, filed notices of deposition on November 14, 2007 that set telephonic depositions on December 18, 2007 (two months after the amended deadline) for Jon VerHalen, the defendants' ladder expert, and Dennis Simpson, a Tri-Cam employee who is to testify about the design and manufacture of the ladder.  Nothing in the record shows any reason at all why this ladder-related discovery could not have been timely taken (even by the original April 2007 deadline) as that testimony is not dependent on the instability of the plaintiff's medical condition, which is the reason given for discovery continuance requested in June, 2007.[1]

The parties did not file the Amended JPS (which was due on November 12th) and only the defendants' counsel, Stephen Hoffman, appeared at the PTC held on December 10, 2007; he was not accompanied by any representatives of his clients with settlement authority.  Mr. Hoffman informed the Court that he did not file an amended JPS because he had reviewed the defendants' portion of the original JPS and determined that no changes needed to be made to it.  At the time of the PTC, the Court telephoned the office of the plaintiff's counsel, Alan Bowman, to determine why he was not present at the PTC and was informed by his staff that the PTC was not on their calendar and that Mr. Bowman had already left the office for the day and could not be reached.

In a minute entry (doc. #48) dated December 10, 2007, the Court set an OSC hearing for December 17, 2007 - the minute entry stated that the purpose of the hearing

---

[1] The plaintiff's counsel stated at the OSC hearing held on December 17, 2007 that these notices of deposition have been withdrawn and that all discovery is now completed.

- 4 -

   will be to determine what sanctions would be appropriate pursuant to Fed.R.Civ.P. 16(f) and 37(b)(2) to be imposed (1) on the parties and/or their counsel for their failure to comply with those portions of the Amended Scheduling Order (doc. #42) regarding the completion of discovery and the filing of an Amended Joint Pretrial Statement, and (2) on the plaintiff and/or her counsel for their failure to appear at the Pretrial Conference as required by the Amended Scheduling Order. The plaintiff's counsel is warned that his failure to appear at the OSC hearing shall result in the dismissal of this action.

  As a result of the entry of the second OSC, the parties filed their Amended JPS on December 14, 2007; the document, which was then one month late, was again apparently filed without any real discussion between counsel. The parties noted in the Amended JPS, which is in effect just the original JPS with some minor modifications, that the parties had agreed to submit the case to private mediation before retired Magistrate Judge Virginia Mathis after January 1, 2008 and that the plaintiff is now medically stable.[2]

  The plaintiff filed her response to the second OSC on December 14, 2007. The plaintiff conclusorily requests relief in that response from the OSC pursuant to Fed.R.Civ.P. 60(b)(1) based on mistake, inadvertence, surprise or excusable neglect due to the fact that her counsel was unaware that the issuance of the Amended Scheduling Order and the resetting of the PTC.[3] Mr. Bowman, the plaintiff's counsel, has submitted affidavits stating that his office has no record of him having received an e-mail copy of the Amended Scheduling Order from the Court at the time it was issued. Mr. Bowman stated at the OSC hearing held on

---

[2] The plaintiff filed a notice on December 17, 2007, after the OSC hearing was held, stating that the mediation has been scheduled for February 6, 2008.

[3] The Court does not consider the plaintiff's response to in fact be a Rule 60(b) motion because it is not captioned as such and does not contain any memorandum setting forth any legal authorities related to any Rule 60(b) issue.

- 5 -

December 17th that he did not know about the Amended Scheduling Order and does not know whether his office never received it or whether his office received it and then lost it. Mr. Hoffman, the defendants' counsel, acknowledged at the OSC hearing that he had not discussed the Amended Scheduling Order with Mr. Bowen after its issuance notwithstanding that he had received his copy of the Order.

Discussion

An appropriate sanction may be imposed if a party's counsel fails to obey a scheduling order or fails to appear at a pretrial conference, Fed.R.Civ.P. 16(f); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990), or fails to obey an order requiring that a party with settlement authority appear at a pretrial conference. Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). A monetary sanction may be personally imposed on counsel for such failures. LRCiv 83.1(f)(2)(A); Miranda v. Southern Pacific Transportation Co., 710 F.2d 516, 521 (9th Cir. 1983); *see also*, Resolution Trust Corp. v. Dabney, 73 F.3d 262, 267 (10th Cir. 1995) (Recognizing that a district court has the inherent power to impose a sanction payable to the court.)

The Court concludes that there is no excuse for Mr. Bowman not to have obeyed the Amended Scheduling Order or to have attended the rescheduled PTC. While Mr. Bowman's excuse is that he never received the Amended Scheduling Order through his office e-mail, a computer trace by the Court's Systems Technology office of the Notice of Electronic Filing generated by the Court's Electronic Case Filing system upon the issuance of the Amended Scheduling Order established that the Order was successfully transmitted to Mr. Bowman's internet service provider at his correct e-mail address on June 29,

2007 at 13:48:07.  Furthermore, even if Mr. Bowman somehow did not receive the e-mailed Amended Scheduling Order, there is no excuse for him or his staff not to have checked the docket sheet of this case through PACER at any time between the filing of the parties' Joint Motion to Motion to Continue on June 14, 2007, which was the motion that the Amended Scheduling Order granted, and December 10, 2007, the date of the rescheduled PTC.  While one would presume that a reasonably diligent counsel who had already failed to meet the initial deadline for filing the JPS would take extra measures to ensure that the mistake was not repeated, Mr. Bowman apparently took none.  While the Court chose to overlook Mr. Bowman's first failure to obey a scheduling order, it simply cannot condone his second failure given that his conduct under the circumstances amounted to unacceptable recklessness.

The Court concludes that an appropriate sanction as to Mr. Bowman is a fine in the amount of $200.00 payable to the Court for deposit in the Court's Non-Appropriated [Library] Fund; the fine must be paid from Mr. Bowman's personal funds.  The Court will also require Mr. Bowen to reevaluate his office's calendaring procedures, which reevaluation must include the registration of an e-mail address for a second attorney or clerical staff member to receive the Court's Electric Case Filing notices.[4]

The Court also cannot condone the failure of Mr. Hoffman, who admittedly

---

[4] The Court notes that the monetary sanctions imposed upon both counsel are of very modest amounts.  While the Court, in the exercise of its broad discretion under Fed.R.Civ.P. 16, could have imposed significantly more punitive sanctions consistent with Ninth Circuit authority, the Court trusts that the sanctions imposed are sufficient to send a message to counsel that the Court expects counsel to be diligent in complying with the Court's orders.

did timely receive the Amended Scheduling Order, to file the Amended JPS based on his unilateral decision that the original JPS did not need to be amended - given that such a decision was not his to make in light of the Court's explicit order that an Amended JPS needed to be filed, such conduct amounts to recklessness on his part. The Court also cannot condone Mr. Hoffman's failure to discuss with Mr. Bowman the requirements of the Amended Scheduling Order, including both the amended discovery deadline and the need to file an Amended JPS, or his apparent failure to read the explicit requirements set forth in both scheduling orders.[5]

The Court concludes that an appropriate sanction as to Mr. Hoffman for his failure to obey the Amended Scheduling Order by timely participating in the drafting of the required Amended JPS and by having representatives of his clients present at the PTC with settlement authority is a fine in the amount of $100.00 payable to the Court. This fine must be paid from Mr. Hoffman's personal funds. Therefore,

IT IS ORDERED that the plaintiff's counsel, Alan Bowman, shall personally pay a sanction of $200.00 pursuant to Fed.R.Civ.P. 16(f) and LRCiv 83.1(f). The sanction shall be paid from Mr. Bowman's personal funds no later than December 28, 2007 through a check payable to the "Clerk, U.S. District Court." The case number of this action and the word "Sanction" shall be noted on the check.

IT IS FURTHER ORDERED that Alan Bowman shall immediately ensure that an e-mail address is registered with the Clerk of the Court for another

---

[5] The Court finds pursuant to Fed.R.Civ.P. 16(f)(2) that it would be unjust to require Mr. Bowman to pay the defendants' expenses incurred as a result of Mr. Hoffman's attendance at the PTC on December 10, 2007 due to Mr. Hoffman's own failure to obey the Amended Scheduling Order.

attorney or clerical staff member of the law firm of Bowman & Smith, P.C. for the purpose of receiving the Court's Electronic Case Filing notices in cases in which Mr. Bowman is the attorney of record.

IT IS FURTHER ORDERED that Alan Bowman shall file a certification no later than December 31, 2007 stating that he has timely paid the $200.00 sanction out of his personal funds, that he has reevaluated his office's calendaring system for Court-imposed deadlines, and that another attorney or clerical staff member's e-mail address has been registered with the Court for receipt of Electronic Case Filing notices.

IT IS FURTHER ORDERED that the defendants' counsel, Stephen Hoffman, shall personally pay a sanction of $100.00 pursuant to Fed.R.Civ.P. 16(f) and LRCiv 83.1(f).  The sanction shall be paid from Mr. Hoffman's personal funds no later than December 28, 2007 through a check payable to the "Clerk, U.S. District Court." The case number of this action and the word "Sanction" shall be noted on the check.

IT IS FURTHER ORDERED that Stephen Hoffman shall file a certification no later than December 31, 2007 stating that he has timely paid the $100.00 sanction out of his personal funds.

IT IS FURTHER ORDERED that the Clerk of the Court shall deposit the sanctions received from Alan Bowman and Stephen Hoffman in the Court's Non-Appropriated Fund.

DATED this 18th day of December, 2007.

Paul G. Rosenblatt
United States District Judge